NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIMITRA VERIKIOS, CHRISTINA BONDONESE, KEVIN REGAN, and HEATHER SMOCK, on behalf of themselves and all others similarly situated, | Civil Action No. 12-2592 (MAS) <br><br> MEMORANDUM OPINION |
| Plaintiffs, | |
| v. | |
| TAINA CORPORATION, a/k/a BUONA SERA, and CHRISTOPHER MARIANI, | |
| Defendants. | |

This matter comes before the Court upon Plaintiffs' Dimitra Verikios, Christina Bondonese, Kevin Regan, and Heather Smock, on behalf of themselves and all others similarly situated ("Plaintiffs") request for leave to file a Second Amended Complaint [Docket Entry No. 32] to add facts about their employment with Defendants, including specifics on the hours they worked, their "regular" and "overtime" rates of pay, their job descriptions and duties, and the non-tipped "side work" they performed in response to Defendants' Motion to Dismiss. [Docket Entry No. 24] Taina Corporation a/k/a Buona Sera and Christopher Mariana ("Defendants") oppose Plaintiffs' Motion to Amend [Docket Entry No. 34]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to Loc.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs were employed as tipped, hourly food service workers at Defendants' Buona Sera Restaurant ("Buona Sera"), a fine dining restaurant located in Red Bank, NJ. Plaintiff Dimitra Verikios ("Verikios") was employed by Defendants as a Server at Buona Sera from in or around February 2011 to May 2011. Plaintiff Christina Bondonese ("Bondonese") was employed by Defendants as a Server at Buona Sera from in or around December 2010 to May 2011. Plaintiff Kevin Regan ("Regan") was employed by Defendants as a Bartender at Buona Sera from in or around April 2006 to October 2009 and from March 2010 to April 2011, approximately. Plaintiff Heather Smock ("Smock") was employed by Defendants as a Server at Buona Sera from in or around January 2010 to April 2012, approximately. Plaintiffs seek to recover minimum wages, misappropriated tips, overtime compensation, uniform-related expenses, and other wages. *Pls.' Mem. of Law in Supp. of Mot.*, Docket Entry No. 32-4 at *3.

Plaintiffs filed their original Complaint on May 1, 2012 on behalf of themselves and all similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216 (b) to remedy violations of the wage and hour provisions of the FLSA. Plaintiffs' also bring this action on behalf of themselves and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56 (a) *et seq*. ("NJWHL"). All four Plaintiffs are covered employees within the meaning of the FLSA and NJWHL.

Plaintiff's original Complaint contains the following seven (7) claims for relief:

1. Fair Labor Standards Act – Minimum Wages
2. Fair Labor Standards Act – Overtime Wages
3. New Jersey Wage and Hour Law – Minimum Wage
4. New Jersey Wage and Hour Law – Unpaid Overtime
5. New Jersey Wage and Hour Law – Uniform Violations
6. New Jersey Common Law – Conversion
7. New Jersey Common Law – Unjust Enrichment

Plaintiffs First Amended Complaint was filed on August 1, 2012. In this Complaint, Plaintiff's deleted the Conversion and Unjust Enrichment claims and added a New Jersey Wage Payment Law – Withholding Violations Claim in which Plaintiffs' allege Defendants illegally misappropriated, withheld, and diverted Plaintiffs' tips in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.4.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 29, 2012 [Docket Entry No. 24] which was subsequently administratively terminated on March 20, 2013. [Docket Entry No. 27]

Plaintiffs are now seeking to file a Second Amended Complaint to add facts about their employment with Defendants, including specifics on the hours they worked, their "regular" and "overtime" rates of pay, their job descriptions and duties, and the non-tipped "side work" they performed in response to Defendants' Motion to Dismiss.

In their proposed Second Amended Complaint, Plaintiffs' allege that Defendants violated the FLSA, NJWHL and NJWPL in multiple ways including:

1. Defendants failed to pay Plaintiffs and other hourly food-service workers the full minimum wage for all hours worked.

2. Defendants were not lawfully allowed to take advantage of the FLSA's

tip-credit provision because they failed to inform Plaintiffs and other hourly food-service workers of the statutory requirements related to the tip credit and did not allow Plaintiffs and other hourly food-service workers to keep all tips received.

3. Defendants maintained and enforced a policy requiring Plaintiffs and the other hourly food-service workers to perform a substantial amount of non-tipped "side work" in excess of the 20% threshold set by the Department of Labor, without paying them the full minimum wage for said non-tipped "side work."

4. Defendants retained portions of Plaintiffs and other hourly food-service workers tips.

5. Defendants failed to record, and pay for, all hours worked by Plaintiffs and other hourly food-service workers.

6. Defendants underpaid Plaintiffs and the other hourly food-service workers-on the occasions when they did pay overtime-at the wrong overtime rate. Instead of paying them at least $5.76 per overtime hour worked, they only paid them $4.71 per overtime hour worked.

7. Defendants failed to reimburse Plaintiffs and the other hourly food service workers for the costs of their required uniforms.

## II. ARGUMENTS

### A. PLAINTIFFS' ARGUMENT

Plaintiffs argue that they should be permitted to file a Second Amended Complaint because Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when

justice so requires. They rely on *Foman v. Davis*, in which the Supreme Court stated that leave should be freely given in the absence of (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs assert that none of the *Foman* factors are present in this case. Plaintiffs First Amended Complaint was filed on August 1, 2012. In response to Defendants' Motion to Dismiss, Plaintiffs were granted leave to file a motion to amend the Complaint on March 20, 2013. Plaintiffs then timely filed the instant Motion to Amend on May 1, 2013.

Plaintiffs further assert that they have not repeatedly refused to cure deficiencies in amendments previously allowed by the Court. If this motion is granted, this would be the Second Amended Complaint, which is only adding factual support, but not any new causes of action or legal theories, in response to Defendants' Motion to Dismiss. *Pls.' Mem. Or Law in Supp. of Mot.*, Docket Entry No. 32-4 at *7-8. Plaintiffs also state that as part of their continuing investigation of this matter Plaintiffs' Counsel met with additional Class members, learned additional facts and obtained additional documents pertaining to this case. *Id*. at *8.

Plaintiffs also argue that Defendants will not have suffered any prejudice if the Court grants this Motion to Amend. The Second Amended Complaint does not add any new claims, it simply adds additional factual allegations to further support the causes of action already pled. These new facts simply provide the factual specificity that Defendants argued was lacking in the Amended Complaint. *Id*. Plaintiffs also note that discovery has not yet commenced in this matter, therefore, the granting of this Motion to Amend would not result in additional discovery. *Id*.

As to futility, Plaintiffs argue that they have pled a legally sufficient complaint that Defendants have violated Federal and New Jersey wage and hour, and related, laws. *Id.*

### B. DEFENDANTS' ARGUMENT

Defendants argue that Plaintiffs' Motion to File the Proposed Second Amended Complaint should be denied as futile since Plaintiffs failed to provide any facts to support the alleged violations of federal and state wage and hour laws such as any date when they allegedly were unpaid, when they were not paid their proportionate share of the permitted tip pooling, the details of any "uniform" they allegedly purchased or any alleged willful violation. *Defs.' Mem. of Law in Opp'n*, Docket Entry No. 34 at *4-5. Defendants claim that Plaintiffs failed to plead any specific facts and that their allegations are insufficient as a matter of law. They cite *Ashcroft v. Iqbal*, which states that the facts alleged must be sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *12, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Defendants also rely on *Duran v. Equifast* which states that "dismissal is appropriate if, accepting all the facts alleged in the [pleading] as true, the party has failed to plead enough facts to state a claim to relief that is plausible on its face." *Id.* at *13, *Duran v. Equifirst Corp.*, 2010 WL 918444, *2 (D.N.J. March 12, 2010)(quoting *Twombly*, 550 U.S. 544 at *570).

Defendants further argue that there has been undue delay since Plaintiffs have had knowledge of their claims since the outset of this case but have failed to properly plead them. *Id.* at *11. They also contend that they will be prejudiced by having to respond for a third time to a deficient pleading. *Id.*

## III. ANALYSIS

The Court finds that Plaintiffs should be permitted to amend their Complaint to add facts about their employment with Defendants.

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Plaintiffs' motion is not the product of bad faith, dilatory motive or undue delay. Plaintiffs seek to amend the Complaint in response to Defendants' Motion to Dismiss that claimed Plaintiffs failed to provide sufficient facts about their employment with Defendants. Further, the Court finds that granting Plaintiffs' motion will not prejudice Defendants as discovery has not yet commenced.

In addition, the Court finds that the proposed Second Amended Complaint is not futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal

under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that Plaintiffs have met the plausibility standard set out in *Twombly*.

The Court further finds that Plaintiffs' claims are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Plaintiffs, raise Plaintiffs' right to relief above the speculative level. Moreover, the Court finds that Plaintiffs' have included sufficient detail to put Defendants on notice of the precise violations being alleged. As a result, the Court finds that Plaintiffs proposed Second Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and is not futile.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. An appropriate Order follows.

Dated: September 27, 2013

                                           s/ Tonianne J. Bongiovanni
                                           **HONORABLE TONIANNE J. BONGIOVANNI**
                                           **UNITED STATES MAGISTRATE JUDGE**